1

2

3

4             UNITED STATES DISTRICT COURT

5             NORTHERN DISTRICT OF CALIFORNIA

6

7      REYNALDO PALAZUELOS,                    Case No. 22-cv-00262-JSW

                    Plaintiff,
8
                                              **ORDER OF DISMISSAL**
            v.
9

10     J. FRISK,

                    Defendant.
11

12                              **INTRODUCTION**

13         Plaintiff, a California prisoner proceeding pro se, has filed a civil rights complaint under

14     42 U.S.C. § 1983 against an official at the Pelican Bay State Prison.  He is granted leave to

15     proceed in forma pauperis in a separate order.  For the reasons discussed below, the case is

16     DISMISSED for failure to state a cognizable claim for relief.

17                            **STANDARD OF REVIEW**

18         Federal courts must engage in a preliminary screening of cases in which prisoners seek

19     redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

20     1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

21     which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

22     monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se

23     pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

24     Cir. 1990).

25         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

26     claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

27     statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

28     which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although

United States District Court
Northern District of California

United States District Court
Northern District of California

1    in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

2    obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and

3    conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

4    Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*

5    *Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint

6    must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

7         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1)

8    that a right secured by the Constitution or laws of the United States was violated, and (2) that the

9    alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*,

10   487 U.S. 42, 48 (1988).

**DISCUSSION**

12        The plaintiff was subject to disciplinary proceedings in prison and contends that he was not

13   afforded all due process during those proceedings.  An attachment to the complaint makes clear

14   that the prisoner lost good-time credits as a result of the proceedings.  However, California's

15   Inmate Locator shows that the prisoner was given an indeterminate sentence.[1]  Courts have held

16   that, where a prisoner is serving an indeterminate sentence, the loss of good time is not a

17   deprivation "of real substance" sufficient to support a due process claim.

18        The Fourteenth Amendment entitles a prisoner to certain due process protections when he

19   is charged with a disciplinary violation, including the right to call witnesses.  *See Serrano v.*

20   *Francis*, 345 F.3d 1071, 1077 (9th Cir.2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564–71

21   (1974)). However, these protections only attach when the disciplinary action implicates a

22   prisoner's protected liberty interest.  *Id*. at 1078.  For this reason, analysis of a due process claim

23   "proceeds in two steps: We first ask whether there exists a liberty or property interest of which a

24   person has been deprived, and if so, we ask whether the procedures followed by the State were

25

26   ───────────────────────

[1]Inmate Locator records are proper subjects for judicial notice. *See United States v. Lucas*, 841

27   F.3d 796, 802 (9th Cir. 2016) (taking judicial notice of the publicly available information from the
inmate locator for the Federal Bureau of Prisons); *United States v. Basher*, 629 F.3d 1161, 1165 &

28   n.2 (9th Cir. 2011) (same)

2

United States District Court
Northern District of California

1    constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219–20 (2011).  A protected

2    liberty interest may arise either from the Due Process Clause itself or from state law.  *Meachum v.*

3    *Fano*, 427 U.S. 215, 223-27 (1976).

4    To arise from the Due Process Clause, the plaintiff must have been subjected to a change

5    in conditions so severe as to affect the sentence imposed in an unexpected manner.  *Sandin v.*

6    *Conner*, 515 U.S. 472, 484 (1995).  To arise from state law, two requirements must be met: (1)

7    state statutes or regulations narrowly restrict the power of prison officials to impose the

8    deprivation, (2) the liberty in question is one of "real substance."  *Id*. at 477–87.  Generally, "real

9    substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant

10   hardship on the inmate in relation to the ordinary incidents of prison life," or (2) state action that

11   "will inevitably affect the duration of [a] sentence."  *Id*. at 484-87.

12   Plaintiff cannot base a due process claim upon his loss of good time credit because he is

13   serving an indeterminate sentence, which renders this deprivation one that is not of "real

14   substance" within the meaning of *Sandin*.  The good time credit forfeiture delays Plaintiff's

15   minimum parole eligibility date.  *See* 15 Cal. Code Regs. § 2400.  However, once Plaintiff's

16   parole eligibility date arrives, he is not guaranteed release; rather, the parole board will determine

17   whether or not to release plaintiff.  *See id.* at §§ 2400, 2402.

18   The United States Supreme Court has held that where, as here, an intervening decision by a

19   parole board is required before a prisoner may be released, it is not "inevitabl[e]" that the

20   disciplinary proceedings will "affect the duration of [plaintiff's] sentence," so the deprivation does

21   not "invoke the procedural guarantees of the Due Process Clause."  *Sandin*, 515 U.S. at 487

22   (where plaintiff's sentence was thirty years to life, calling the possibility that a disciplinary

23   infraction might result in the denial of parole "too attenuated" to support a claim).  Nor is the

24   delay of the parole hearing an "atypical and significant hardship."  *See id.*; *cf. Greenholtz v.*

25   *Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or

26   inherent right of a convicted person to" parole.).  As other courts have held, because the loss of

27   good time credits at most delays an intervening decision by the parole board, there is no liberty

28   interest sufficient to trigger the Due Process Clause.  *See*, *e.g.*, *Barno v. Padilla*, No. 20-CV-

1    03886-SI, 2020 WL 6544427, at *3 (N.D. Cal. Nov. 6, 2020); *Ernest v. Van Blarcom*, No. C-16-

2    3655-WHA-PR, 2018 WL 9651054, at *3 (N.D. Cal. Aug. 16, 2018); *Rouser v. Crounse*, No. 19-

3    CV-00550 -GSA-PC, 2020 WL 4368303, at *5 (E.D. Cal. July 30, 2020); *Armenta v. Paramo*, No.

4    16-CV02931-BTM-KSC, 2018 WL 4612662, at *8 (S.D. Cal. Sept. 25, 2018) (same).

5           For these reasons, Plaintiff's allegations do not state a cognizable claim for relief.

6                                    **CONCLUSION**

7           For the foregoing reasons, the case is DISMISSED for failure to state a claim upon which

8    relief may be granted.

9           The Clerk shall enter judgment and close the file.

10          **IT IS SO ORDERED.**

11   Dated: March 29, 2022

_____

JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California